UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEQUAN GREGORY CALDWELL,
#891141,

    Plaintiff,                                           Case No. 2:22-cv-8

v.                                              Hon. Robert J. Jonker

UNKNOWN DEFOREST and
UNKNOWN PARTY,

    Defendants.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation, (ECF No. 29), recommending that the Court grant Defendant Forrest's Motion for Summary Judgment, (ECF No. 26), and dismiss Plaintiff Caldwell's claims against Defendant Unknown Party for failure to timely serve process. The Court has also reviewed Plaintiff's Objections to the Report and Recommendation, (ECF No. 30); Plaintiff's Motion to Amend Complaint, (ECF No. 31); and Defendant Forrest's Response to Plaintiff's Motion to Amend, (ECF No. 32). Under the Federal Rules of Civil Procedure, where—as here—a party has objected to portions of a Report and Recommendation, "[t]he district judge has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified." 12 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3070.2 (3d ed. Apr. 2023 update). Specifically, the Rules provide that:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition;

> receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge. After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally supported.

### A. **Defendant Forrest**.

Plaintiff was permitted to proceed *in forma pauperis*. (ECF No. 11). After conducting the requisite review under 28 U.S.C. § 1915(e)(2), Magistrate Judge Vermaat carefully and thoroughly considered the record and the governing law. The Magistrate Judge first recommends that the Court grant summary judgment to Forrest on Caldwell's claim that Forrest used excessive force against him by tasing Caldwell in the face during a fight between Caldwell and two other inmates at the Chippewa Correctional Facility ("URF") in Kincheloe, Michigan. (ECF No. 29 at PageID.172–76). Viewing the evidence in the light most favorable to Caldwell—as it must—the Court agrees that Caldwell failed to create a triable issue that Forrest violated his Eighth Amendment rights.

To be held liable under 42 U.S.C. § 1983, Forrest must have been personally involved in the violation of Caldwell's rights. *See, e.g.*, *Bennett v. Schroeder*, 99 F. App'x 707, 712–13 (6th Cir. 2004), and cases cited. As Magistrate Judge Vermaat stated, however, the evidence shows that Forrest did *not* tase Caldwell in the face. (ECF No. 29 at PageID.167, 173–75). The URF Incident Report filed the day of the tasing states that an "Officer Carruth" deployed the tasers that struck Caldwell in the center of the chest, left forearm, upper left leg, and the right face cheek area. (*Id.* at PageID.174 (citing ECF No. 27-4 at PageID.148)). Moreover, in a Declaration attached to

his Motion for Summary Judgment, Forrest states that he only tased inmate Bradley—one of the other prisoners involved in the fight. (*Id.* (citing ECF No. 27-5 at PageID.153)).

Caldwell has not put forward sufficient evidence to establish a genuine dispute of material fact regarding Forrest's involvement in the tasing. While Caldwell's verified Complaint identifies Forrest as the prison official who tased him in the face, (ECF No. 1), he contradicted this assertion at his deposition, where he admitted that "I can't even tell you . . . I can't even remember a CO who was there." (ECF No. 29 at PageID.175 (quoting ECF No. 272-2 at PageID.141)). And Caldwell's conclusory Objection that Forrest "was a participant, to a lesser degree, but a participant, nonetheless" does not move the ball, either. *See, e.g.*, *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009) ("Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment.") (ECF No. 30 at PageID.179). Because no rational trier of fact could find on this record that Forrest is the prison official who tased Forrest in the face, summary judgment in favor of Forrest is appropriate.

**B.**     **Defendant Unknown Party**

Magistrate Judge Vermaat also recommends that the Court dismiss Caldwell's claim against Defendant Unknown Party for failure to take reasonable steps to identify the Unknown Party, resulting in a failure to timely serve process under FED. R. CIV. P. 4(m). (ECF No. 29 at PageID.176–78). In response, Caldwell moves to amend his Complaint by replacing the Unknown Party with Carruth. (ECF Nos. 30, 31). Defendant Forrest opposes the motion.[1] (ECF No. 32).

Under FED. R. CIV. P. 15(a)(2), denial of leave to amend is appropriate when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

---

[1] The Court will assume that Defendant Forrest has standing to oppose Caldwell's Motion, but this assumption has no impact on the Court's analysis.

deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Several of these criteria exist here.  To start, Caldwell has not shown good cause for his delayed Motion.  He has known that the URF Incident Report identified Carruth as the prison official who tased Caldwell in the face since at least May 1, 2023, because Forrest attached a copy to his Motion for Summary Judgment filed that date.  (ECF No. 27-4 at PageID.148–50).  As noted above, Forrest's Motion also included a Declaration confirming that he did not tase Carruth in the face.  (ECF No. 27-5 at PageID.152–54).  Yet Caldwell waited until after the Magistrate Judge issued his Report & Recommendation over three months later to identify Carruth as Defendant Unknown Party.  Caldwell has not attempted to justify this delay, and the Court discerns none.  The Court therefore denies Caldwell's Motion as untimely.

Even if good cause existed for the delay, the Court would still deny the Motion because it is futile.  While it is undisputed that Caldwell suffered a taser hit to his face, as Magistrate Judge Vermaat pointed out, "the video footage of the incident confirms that Caldwell was actively assaulting another inmate when the taser (or tasers) was deployed."  (ECF No. 29 at PageID.172 (citing ECF No. 28 at 00:00–00:01)).  When coupled with the lack of video evidence corroborating Caldwell's version of events—which is that Carruth tased him in retaliation for laughing during the fight—this suggests that Carruth tased Caldwell in a good-faith effort to restore discipline. (ECF No. 1 at PageID.6).  *See, e.g.*, *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986) (explaining that the touchstone for an Eighth Amendment excessive force claim is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very

purpose of causing harm" (quotation omitted)). At the very least, Carruth would be entitled to qualified immunity because his conduct did not violate clearly established constitutional law.[2]

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge, (ECF No. 29), is **APPROVED AND ADOPTED** as the opinion of the Court.

2. Defendant Forrest's Motion for Summary Judgment, (ECF No. 26), is **GRANTED**. Plaintiff Caldwell's claims against Defendant Forrest are **DISMISSED WITH PREJUDICE**.

3. Plaintiff Caldwell's Motion to Amend Complaint, (ECF No. 31), is **DENIED**. Plaintiff Caldwell's claims against Defendant Unknown Party are **DISMISSED WITHOUT PREJUDICE** for failure to take reasonable steps to identify the Unknown Party, warranting dismissal for failure to serve process under FED. R. CIV. P. 4(m).

4. For the same reasons that the Court dismisses Plaintiff's Complaint, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

5. This matter is **TERMINATED**.

**IT IS SO ORDERED.**

Dated: January 19, 2024

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court denies Caldwell's Motion under FED. R. CIV. P. 15(a)(2), it need not reach the potential FED. R. CIV. P. 15(c)(1)(C) relation-back issues embedded in the Motion.